HACKENSACK WATER COMPANY, PLAINTIFF, v. THE
MAYOR AND COUNCIL OF THE BOROUGH OF TENA-
FLY, DEFENDANTS.

HACKENSACK WATER COMPANY, PLAINTIFF, v. THE
MAYOR AND COUNCIL OF THE BOROUGH OF RIDGE-
FIELD, DEFENDANTS.

Argued July 12, 1920—Decided July 28, 1920.

Under the Public Utilities act the terms of the contract between a
    public utilities corporation and others are determined by the
    public utility commission, which has power to prescribe the char-
    acter of the service to be furnished and the rates to be paid,
    and it is open to individuals to accept or reject the service at
    these rates. So, when suit is brought for the contract price, the
    only question open is whether the corporation has furnished the
    service prescribed, and it is not open for a court or jury to find
    that other facilities than those prescribed by the commission
    would be adequate or that the facilities furnished, if in com-
    pliance with the order, are inadequate.

---

On motion to strike out answer.

Before Mr. Justice SWAYZE by consent.

For the plaintiff, *William M. Wherry* (*George S. Hobart*
and *Clement K. Corbin* on the brief).

For the borough of Tenafly, *Wendell J. Wright.*

For the borough of Ridgefield, *William J. Morrison, Jr.*

The opinion of the court was delivered by

SWAYZE, J.    This is an action to recover payments claimed under a contract to supply water for hydrants in the defendant boroughs.   The answers set up as defences to the first count (1) that the plaintiff failed, neglected and refused to furnish safe, adequate and proper fire protection service to the defendants in accordance with the order of the board of public utility commissioners of the State of New Jersey duly made on the 16th day of May, 1917; (2) that the board of public utility commissioners found that the plaintiff did not furnish adequate and proper service and directed the plaintiff to make such additions and extensions to its pumping plant, its transmission system, and distribution mains as would result in said company being ready at all times to supply water for fire purposes in addition to that required to meet the daily consumption for all other uses, in quantities and under pressure specifically set forth, and that the plaintiff failed and neglected to comply with the order and failed to furnish water in the quantity and under the pressure therein provided; (3) that the plaintiff has failed, refused and neglected to furnish safe, adequate and proper fire protection service; (4) that the rates fixed by the board of public utility commissioners set forth in the complaint were the rates to be charged by and paid to the plaintiff for being ready at all times to supply water for fire purposes in addition to that required to meet the maximum daily consumption for all other uses, in quantities and under pressure as specifically set forth, and that the plaintiff failed, neglected and refused to be ready to supply water for fire protection in the quantity and under the pressure mentioned.   A motion is now made to strike out these answers upon the ground that they disclose no defence.   The point made is that the determination of the board of public utility commissioners as to rates is conclusive, and that the failure to furnish safe, adequate and proper fire protection is not a defence.

Under the Public Utilities act the terms of the contract between the public utilities corporation and others, including

municipalities, are determined by the public utility commission. It has power to prescribe the character of the service to be furnished as well as to prescribe the rates to be paid. It is open to municipalities and to individuals to accept or reject the service at these rates. If they accept, as the municipalities did in this case, they accept the terms as prescribed by the public utility commission, which necessarily means the character of the service as well as the rates of payment. Where suit is brought for the contract price the only question open is whether the public utility corporation has furnished the service prescribed. It is not open for a court or jury to find that other facilities than those prescribed by the commission would be adequate or that the facilities furnished, if in compliance with the order, are inadequate. In order to preserve uniformity and avoid the discrimination forbidden by the act, it is essential that the public utility commission control this question of service and rates. That is the effect of the cases in the United States Supreme Court dealing with the Inter-State Commerce act, cited in the brief of the plaintiff. *Texas and Pacific Railway Co.* v. *Abilene Cotton Oil Co.*, 204 *U. S.* 426; *Loomis* v. *Lehigh Valley Railroad Co.*, 240 *Id.* 43; *Southern Railway Co.* v. *Prescott*, *Id.* 632; *Pennsylvania Railroad Co.* v. *Clark Brothers*, 238 *Id.* 456; *Texas and Pacific Railroad Co.* v. *American Tie Co.*, 234 *Id.* 138; *Morrisdale Coal Co.* v. *Pennsylvania Railroad Co.*, 230 *Id.* 304; *Robinson* v. *Baltimore Railroad Co.*, 222 *Id.* 506.

It follows from this reasoning and has been held in cases cited that until the commission has determined what facilities are adequate, no action can be brought or defence made where there is a controversy on the point. In the present case the commission has determined what facilities are adequate and what the price shall be; the only question left open is whether those particular facilities as prescribed by the order of the commission have been actually furnished. This is the issue tendered by the second and fourth answers to the first count. The defendants do not question the rate or aver that the facilities prescribed by the order of the commission are

not adequate. They stand on the order of the commission and deny that the plaintiff has performed. It might have been more artistic to answer merely that the plaintiff had failed, neglected and refused to furnish service to the defendant in accordance with the order of the commission. By inserting the words "safe, adequate and proper," in the first and third defences to the first count, they have tendered an immaterial issue.

The result is, that the first and third defences must be stricken out; the second and fourth defences must stand. The plaintiffs are entitled to costs, as they succeed in part.